# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH GRANGER** | : | **CIVIL ACTION NO. 2:15-cv-2857** |
| **DOC #307828** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **STEVE RAIDER ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the amended *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Joseph Granger ("Granger"). Granger is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDPSC") and is incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana.

As defendants, Granger names Former Dixon Correctional Institute ("DCI") Warden Steve Raider; Unknown Staff at DCI, designated as Doe 1 and Doe 2; DCI Officer Foster; DCI Physician Tarver; DCI Nurse Travis Day; Elayn Hunt Correctional Center ("EHCC") Warden Robert Tanner; Unknown Staff at EHCC, designated as Doe 3, Doe 4, and Doe 5; ALC Warden Keith Cooley; ALC Health Services Administrator, designated as Doe 6; an unknown ALC physician, designated as Doe 7; Unknown ALC nurse, designated as Doe 8; LDPSC Secretary James M. LeBlanc; and Global Expertise in Outsourcing Group, Inc. ("GEO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED IN PART, WITH PREJUDICE.**

- 1 -

# I.
## BACKGROUND

Granger's original complaint was deficient in several aspects; accordingly, on April 27, 2016, we issued a memorandum order directing him to provide information/documentation in support of his claims. Doc. 5. He filed an amended complaint on June 2, 2016, that provided some but not all of the requested information. Doc. 6. The court's recitation of the background in this matter is based upon the statements and documentation provided by Granger.

Granger states that he was incarcerated at DCI when he fell on a wet floor on May 28, 2011. Doc. 6, p. 8. He claims that he sought immediate medical attention but that Foster advised him that he had to go back to his cell and declare an emergency. *Id.* at 9. He did as instructed and was seen by Tarver, who prescribed pain medication. *Id.*

In December of 2011, Granger was transported to Baton Rouge General Hospital ("BRGH") where x-rays, an MRI and CAT scan were done. *Id.* at 9–10. Granger claims that the doctor at BRGH ordered back and leg surgery. *Id.* Granger states that, in June of 2012, he was sent to University Hospital in New Orleans ("UHO"), where he was given the same diagnosis that he received from BRGH. *Id.* at 10. On August 15, 2014, he was transported to EHCC and was again given the same diagnosis received at BRGH and UNO but was also diagnosed a torn ligament in his left leg which left him confined to a wheelchair. *Id.* at 12. Granger states that he was later diagnosed with arthritis at EHCC. *Id.*

Granger's last DCI health care request form was filed on May 23, 2015. Doc. 6, att. 1, p. 44. Thereafter he was transferred to ALC. Doc. 6, pp. 12–13. He states that, despite being handicapped, he was placed in a housing unit without handrails in the showers. Doc. 1, pp. 5–6. He alleges that on July 14, 2015, he fell in the shower, injuring his arm and tailbone and re-injuring his left leg and knee. *Id.*; doc. 1, att. 2, p. 15.

On July 24, 2015, Granger filed a grievance regarding the fall. Doc. 1, att. 2, p. 15. He did not provide the response nor copies of other grievances, if any, that he filed at higher administrative levels. Rather, he simply states that his request for surgery was disregarded. Doc. 6, p. 13. Granger filed a health care request at ALC on October 9, 2015, stating that he had pain in his back, tailbone, and leg. Doc. 6, att. 1, p. 46. The request also notes that he made a sick call two weeks prior. *Id.*

Granger filed the instant suit on December 18, 2015, claiming that the defendants "have failed to conform . . . to the . . . State's own guidelines for medical treatment and safety concerning prisoners." Doc. 1. p. 6. He also contends that the defendants' deliberate indifferent to his need for surgery has caused him pain, lack of sleep, mental anguish, and loss of mobility. *Id.* As relief for the above he seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Doc. 6, pp. 14–15.

## II.
### LAW AND ANALYSIS

### A.  *Frivolity Review*

Granger has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable

basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C.  Limitations

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 105 S.Ct. 1938, 1942–44 (1985). However, the date of accrual for a § 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).  Federal law is clear that "the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (quoting *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988)). The plaintiff's knowledge

of the injury depends on two elements: (1) the existence of the injury and (2) the connection between the injury and the defendant's actions. *Id*. In order for the limitations period to commence, a plaintiff need not realize that a legal cause of action exists so long as he is aware of the facts supporting a claim. *Id.* (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)).

In Louisiana personal injury actions are subject to a one-year prescriptive period. LA. CIV. CODE ANN. art. 3492. Accordingly, this is the statute of limitations in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). The available evidence establishes that Granger's initial injuries occurred when he fell at DCI on May 28, 2011. He was treated at EHCC on August 15, 2014, over three years after the 2011 fall at DCI. Thus, he was aware of his injuries and the DCI/EHCC defendants' alleged failure to give him proper medical care long before he filed the present suit. After Granger's claims accrued, he had one year to file his federal suit. His federal suit was filed on December 18, 2015, over four years after the initial incident occurred and over a year after his treatment at EHCC. Therefore, Granger's claims against all DCI and EHCC defendants, namely former DCI Warden Steve Raider, Does 1–5, Officer Foster, Dr. Tarver, Nurse Travis Day, and EHCC Warden Robert Tanner, should be dismissed as time-barred.

### D. *Supervisory Liability*

Granger has not stated sustainable claims against James LeBlanc, Wayne Calbrese, GEO, or ALC Warden Cooley. It is clear that these parties are named in their supervisory capacities. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. See *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Id.* Granger has not alleged personal involvement on the part of these defendants nor that they implemented

a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Granger's claims against these defendants should be dismissed.

## III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Granger's civil rights complaint be **DISMISSED, IN PART, WITH PREJUDICE** as follows:

1. All claims against the DCI and EHCC defendants, namely former DCI Warden Steve Raider; Doe 1-5; Officer Foster; Dr. Tarver; Nurse Travis Day; and EHCC Warden Robert Tanner be **DISMISSED WITH PREJUDICE** as time barred.

2. All claims against James LeBlanc, Wayne Calbrese, GEO, or ALC Warden Cooley be **DISMISSED WITH PREJUDICE** as the parties may not be held liable under § 1983 under the doctrine of *respondeat superior*.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 15 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE