UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH GRANGER** | : | **CIVIL ACTION NO. 2:15-cv-2857** |
| DOC #307828 | | SECTION P |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **STEVE RAIDER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Joseph Granger ("Granger"). Granger is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDPSC") and is incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

#### *A. Procedural Background*

Granger filed the instant suit on December 18, 2015. Doc. 1. His original complaint was deficient in several aspects and so this court, on April 27, 2016, issued a memorandum order directing him to provide information/documentation in support of his claims. Doc. 5. He filed an amended complaint on June 2, 2016, wherein he provided some but not all of the requested information. Doc. 6.

Thereafter, the court issued a report and recommendation [doc. 7] recommending dismissal of Granger's claims against several of the defendants. Along with this report and recommendation we filed a second memorandum order [doc. 8] instructing Granger to name the specific ALC defendants against whom he was making claims. The district court adopted the report and recommendation [doc. 7], dismissing the claims against all of the Dixon Correctional Institute ("DCI") and Elayn Hunt Correctional Center ("EHCC") defendants as well as the claims against James M. LeBlanc, Wayne Calbrese, Global Expertise in Outsourcing Group, Inc. ("GEO"), and Allen Correctional Institute ("ACL") Warden Keith Cooley. Doc. 12.

In keeping with the memorandum order [doc. 8], Granger filed an amended complaint naming the following ALC personnel as defendants: ALC health services administrator Camille Tramel, ALC nurse practitioner Ms. Harmon; ALC physician Dr. Herst; and ALC classification officer Mrs. Carter. Doc. 13. He also alleged new claims against James M. LeBlanc, Wayne Calbrese, and Warden Keith Cooley, namely that said defendants failed to properly train and supervise health services administrator Tramel and classification officer Carter. Doc. 13, p. 3.

### B. *Factual allegations*

Granger's last sick call at DCI appears to have been on May 23, 2015. Doc. 6, att. 1, p. 44. At some point thereafter he was transferred to ALC. Doc. 1, p. 5; *see* doc. 6, att. 1, p. 46 (sick call record from ALC dated October 2015). He alleges that he was handicapped and in a wheelchair when he arrived at ALC. Doc. 13, p. 3. Nevertheless, he states that he was placed in a housing unit without handrails in the showers and toilet facilities. *Id.* at 4. Granger claims that his placement constitutes deliberate indifference to his serious medical needs and resulted in his fall while showering on July 14, 2015. *Id.*; doc. 1, pp. 5–6. He claims that the fall caused him to injure his arm and tailbone, and to re-injure his left leg and knee. Doc. 13, p. 4.

Granger states that he was rushed to the infirmary after his fall. *Id.* at 5. He claims that he was seen by the nurse practitioner the following day and was prescribed pain medication and told that he had an appointment with an orthopedist. *Id.* On July 24, 2015, Granger filed a grievance regarding the fall wherein he requested surgery and "other proper medical treatment." Doc. 1, att. 2, p. 15. The denial of his request noted that "[a]ccording to his medical record and documentation offender received the proper medical treatment." Doc. 13, att. 1, p. 1. The second step response/denial to his grievance stated:

> On 7/14/15 you made a sick call request claiming you had fallen in the shower . . . . After your assessment you were instructed to return the following day . . . . On 7/15/15 [at] the examination conducted by the Nurse Practitioner . . . it was noted that you had a pending appointment with the Orthopedist . . . . On 7/27/15 you were seen by the EHCC Ortho Clinic where it was noted that your prescription for Neurontin was increased and you were to return in 2 months with the MRI of your lumbar spine.

Doc. 13, att. 1, p. 2.

Granger also filed a health care request at ALC on October 9, 2015, stating that he had pain in his back, tail bone, and leg. Doc. 6, att. 1, p. 46. The request also notes that he made a sick call two weeks prior. *Id.*

In regard to his healthcare, Granger further states:

> [S]ince this occurance [*sic*], Plaintiff has then been given specialized shots on 8/22/16 by Doctor J. Comeaux, Specialist . . . in his tailbone and back, to attempt to reduce the pain in his tailbone, back, and his left leg and knee without performing the needed surgery by Allen Correctional Center, for continuously nerves throbbing, drawing up down his back into his left leg, hips, radiating pain into both his two (2) lower rib cages on both sides causing Plaintiff to be unable to move at times, and unable to sit long periods and confined to a wheelchair.

Doc. 13, pp. 5–6.

As relief for the above, Granger seeks an "injunction ordering the defendants to cause the Plaintiff to have the necessary surgery or surgeries to correct his injuries" as well as declaratory relief and compensatory and punitive damages. Doc. 6, pp. 14–15.

## II.
### LEGAL STANDARDS

#### A. *Frivolity Review*

Granger has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 4. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

#### B. *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2)

that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### III.
#### ANALYSIS

#### A. *Transfer*

As previously stated, Granger has been transferred from ALC. The fact that he is no longer incarcerated at that facility renders his claims for injunctive and declaratory relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). "And any suggestion of relief based on the possibility of transfer back . . . is too speculative to warrant relief." *Id.*

#### B. *Failure to Train or Supervise*

Granger alleges that James M. LeBlanc, Wayne Calbrese, and Warden Keith Cooley failed to properly train and supervise health services administrator Tramel and classification officer Carter. To hold a defendant supervisor liable on a theory of failure to train or supervise, a plaintiff must show (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015). Conclusory allegations of failure to train or supervise are insufficient to set out a constitutional claim. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Granger's claims that Leblanc, Calbrese, and Cooley failed to properly train or supervise Tramel and Carter in the "intake of disable person into Allen Correctional Center" are certainly conclusory and do not rise to the level of deliberate indifference. His claims in this regard are without merit.

#### C. *Medical Care Claims*

Granger claims that the defendants failed to provide adequate medical care. Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition of

cruel and unusual punishment. In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur Cty., Texas*, 245 F.3d 447, 458–59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotations omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). In other words, the official must have a subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981), the court stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d

320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer pain from his condition is insufficient to establish that a constitutional violation has occurred. *See Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Granger has failed to present non-conclusory allegations demonstrating deliberate indifference to his medical needs on the part of any defendant. It appears that he received prompt and adequate medical care in response to his fall. The fact that he disagrees with the course of treatment is insufficient to state a constitutional violation, and so his claims in this regard are without merit.

### D. *Housing Assignment*

Granger allegations regarding his placement in a housing unit without handrails in the showers implicate his right, under the Eighth Amendment, to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. The prohibition against cruel and unusual punishment, however, requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman*, 238 F.3d at 664.

Eighth Amendment violations embody both a subjective and an objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Rhodes*, 101 S.Ct. at 2399). While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the Supreme Court has held that such things as food, warmth, exercise and

safety fall in into this category, as well as adequate medical care, and protection from physical abuse by other inmates. *Id.* at 2327.

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 114 S.Ct. at 1977. A prison official's culpability is measured by deliberate indifference, which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id.* at 1977–78. Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and thus do not provide a basis for a § 1983 claim. *Farmer*, 114 S.Ct. at 1978. Additionally, the law is clear that the classification of prisoners is a matter left to the sound discretion of prison officials. *Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003).

Under these principles, any claim Granger intends to raise regarding deliberate indifference based on the institution's failure to assign him to the handicap-accessible dormitory are without merit.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Granger's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of May, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE