UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH GRANGER**   DOC # 307828 | : | **DOCKET NO. 15-cv-2857**   **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **GEO CORP., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an Amended Complaint [doc. 17] filed by plaintiff Joseph Granger ("Granger"), an inmate in the custody of the Louisiana Department of Public Safety and Corrections, in his *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Granger was previously given two opportunities to amend his complaint in order to correct deficiencies in his allegations. Docs. 5, 8; *see* docs. 6, 13 (amended complaints). Following our final Report and Recommendation [doc. 14] recommending that the action be dismissed as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), he has filed another Amended Complaint, seeking to raise claims against the prison management company, which was previously dismissed as a defendant, under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, based on the alleged lack of handicap accommodations that he claims caused some of the injuries complained of in his original complaint. Doc. 17; *see* docs.

7, 12. He also complains about our last report and recommendation, recommending that his complaint be dismissed. Doc. 17, p. 6; *see* doc. 14.

Because Granger has already amended his complaint and there is no written consent from the defendants, leave of court is required before he may amend it again. FED. R. CIV. P. 15(a). Leave to amend is to be freely given when justice so requires. However, leave to amend is not given automatically. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Instead, the decision of whether to grant a motion to amend is left to the sound discretion of the trial court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In exercising this discretion, the trial court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation and alteration omitted).

As noted above, Granger has already been given the opportunity to amend his petition twice in this matter, which has been pending in this court since December 2015. He now seeks to raise new claims based on different legal theories from his § 1983 action. As he has repeatedly failed to cure deficiencies by the amendments we have allowed, we see no reason to prolong this action further and expand its scope beyond the legal theory under which it was originally brought.

Accordingly, it is recommended that the Amended Complaint [doc. 17] be considered only insofar as it raises objections to our Report and Recommendation [doc. 14]. To the extent that it raises new claims, leave to amend and assert those claims should be **DENIED** and those claims should be **DISMISSED WITHOUT PREJUDICE** to Granger asserting them in a separate action.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE